**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE
2026 AUG 18 P 3:05
U.S. DISTRICT COURT
DISTRICT OF MASS.

Allysha Pierre,

Plaintiff,

Civil Action No. ___________________

v.

Experian Information Solutions, Inc.,

Defendant.

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiff Allysha Pierre, appearing pro se, brings this action against Defendant Experian Information Solutions, Inc. for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and in support states as follows.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, because this action arises under the FCRA, a law of the United States.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## PARTIES

3. Plaintiff Allysha Pierre is a natural person residing in the Commonwealth of Massachusetts, within this District, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Defendant Experian Information Solutions, Inc. ("Experian") is a corporation organized under the laws of the State of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian regularly conducts business in this District, including by compiling and furnishing consumer reports on residents of this District, and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

5. On or about May 14, 2026, Experian prepared a consumer disclosure file regarding Plaintiff, identified as Report Number 3349-1786-94.

6. That file included a tradeline furnished by Williams Rush & Associates ("Williams Rush"), reported as account type "Collection," in "Potentially Negative" status, with a balance of $2,069, and identifying "SMILEDIRECTCLUB LLC" as the original creditor.

7. The Williams Rush tradeline lists a "Date Opened" of March 30, 2026, and its reported payment history begins that same month.

8. Experian's file states that the Williams Rush tradeline is "scheduled to continue on record until" November 2032.

9. SmileDirectClub LLC filed for Chapter 11 bankruptcy protection in September 2023 and, on or about December 8, 2023, ceased all consumer-facing operations, including all billing, customer service, and aligner treatment services, a matter of public record and widely reported contemporaneous news.

10. Because SmileDirectClub LLC was not operating, billing consumers, or extending credit after December 8, 2023, Plaintiff could not have incurred a new delinquency on a SmileDirectClub LLC account, within the meaning of 15 U.S.C. § 1681c(c)(1), on or about March 30, 2026, or at any time thereafter.

11. On information and belief, the true date of the commencement of the delinquency on the account reported by Williams Rush necessarily predates March 30, 2026 by at least approximately two years, and reflects a delinquency that arose no later than SmileDirectClub LLC's cessation of operations in late 2023 or early 2024.

12. Under 15 U.S.C. § 1681c(a)(4) and § 1681c(c)(1), a consumer reporting agency may not report an account placed for collection more than seven years, plus an additional 180 days, after the date of the commencement of the delinquency that immediately preceded the collection placement.

13. Measured from the true and considerably earlier date of delinquency described above, the Williams Rush tradeline will become unreportable under 15 U.S.C. § 1681c(a)(4) well before November 2032, the date Experian's file currently, and inaccurately, reflects.

14. Separately and independently, by reporting the Williams Rush tradeline with a "Date Opened" of March 30, 2026 and payment history beginning that same month, Experian's file makes the account appear to be a newly delinquent, recently placed collection, when in fact the underlying delinquency is, on information and belief, more than two years old.

15. The recency of a derogatory tradeline is a material factor in credit scoring models, including the FICO scoring model, such that a collection account reported as newly delinquent is scored, and is understood by users of consumer reports, more unfavorably than the same account reported with its true, older date of delinquency.

16. On July 17, 2026, American Express National Bank denied Plaintiff's application for an American Express Gold Card, citing Plaintiff's "FICO Score" as the reason for its decision.

17. American Express's adverse action notice states that it obtained Plaintiff's FICO Score from Experian, and that the score, as of July 17, 2026, was 566, on a scale of 300 to 850.

18. On information and belief, the Experian file used to generate the FICO Score relied upon by American Express included the Williams Rush tradeline described above, reported with its inaccurate date of delinquency.

19. As a nationwide consumer reporting agency, Experian is required by 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure maximum possible accuracy of the information it includes in the consumer reports it prepares, including the dates of delinquency it reports for collection accounts.

20. A reasonable procedure to assure maximum possible accuracy would include, at minimum, means reasonably designed to detect and correct internally implausible information furnished to Experian, such as a date of delinquency for a debt owed to a business that had ceased all operations more than two years earlier.

21. On information and belief, Experian maintains no such procedure, or fails to apply it, with respect to dates of delinquency furnished by debt collectors and debt buyers such as Williams Rush.

22. As a direct and proximate result of Experian's failure to follow reasonable procedures to assure maximum possible accuracy, Plaintiff's consumer file contained, and continues to contain, inaccurate information regarding the age and permissible reporting period of the Williams Rush tradeline.

23. As a direct and proximate result of that inaccurate information, Plaintiff was denied credit by American Express, suffered a diminished credit standing, and suffered associated frustration, inconvenience, and loss of time in attempting to secure credit on fair terms.

**COUNT I**

**Negligent Noncompliance with the Fair Credit Reporting Act**

**15 U.S.C. §§ 1681e(b), 1681o**

24. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 23 above.

25. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), and the file it prepared and furnished regarding Plaintiff is a "consumer report" as defined by 15 U.S.C. § 1681a(d).

26. Experian owed Plaintiff a duty under 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer file.

27. Experian breached that duty by reporting, and continuing to report, the Williams Rush tradeline with an inaccurate date of delinquency, as alleged above.

28. Experian's breach was negligent, in that Experian failed to exercise reasonable care in the procedures it used, or failed to use, to detect and correct facially implausible furnished dates of delinquency.

29. As a direct and proximate result of Experian's negligent noncompliance with 15 U.S.C. § 1681e(b), Plaintiff sustained actual damages, including denial of credit, diminished credit standing, and associated frustration and loss of time, entitling her to recover under 15 U.S.C. § 1681o.

**COUNT II**

**Willful Noncompliance with the Fair Credit Reporting Act**

**(Pled in the Alternative)**

**15 U.S.C. §§ 1681e(b), 1681n**

30. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 23 above.

31. In the alternative to Count I, Experian's failure to follow reasonable procedures to assure maximum possible accuracy of the Williams Rush tradeline, described above, was willful within the meaning of 15 U.S.C. § 1681n, in that Experian acted in reckless disregard of its statutory obligations under 15 U.S.C. § 1681e(b) by accepting and reporting a facially implausible date of delinquency without any apparent means of verification.

32. As a direct and proximate result of Experian's willful noncompliance with 15 U.S.C. § 1681e(b), Plaintiff is entitled to recover actual damages, statutory damages, and punitive damages under 15 U.S.C. § 1681n.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Allysha Pierre respectfully requests that this Court enter judgment in her favor and against Defendant Experian Information Solutions, Inc., and award:

(a) Actual damages in an amount to be proven at trial;

(b) In the event the trier of fact finds Experian's noncompliance willful, statutory damages under 15 U.S.C. § 1681n(a)(1)(A) and punitive damages under 15 U.S.C. § 1681n(a)(2);

(c) Pre-judgment and post-judgment interest as allowed by law;

(d) The costs of this action;

(e) Injunctive and corrective relief requiring Experian to conduct a reasonable investigation of the Williams Rush tradeline and to correct the date of delinquency and permissible reporting period reflected in Plaintiff's consumer file; and

(f) Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38(b).

Respectfully submitted,

Allysha Pierre, Pro Se

19 Gleason St. APT 1

Dorchester, MA 02121-4105

(617) 910-6127

allysha.pierre@gmail.com

Date: August 12, 2026